DANIEL L. DYSART, Judge.
| iDon C. Flemings seeks review of the trial court’s denial of his motion to reconsider sentence. Defendant was sentenced on Count I, violation of La. R.S. 14:(27)30.1, attempted second degree murder, to thirty-six years at hard labor, without benefit of probation, parole or suspension of sentence. He was sentenced on Count II, violation of La. R.S. 14:64.3, armed robbery with a firearm, to thirty years at hard labor, without benefit of probation, parole or suspension of sentence. The sentences were ordered to run concurrently, with credit for time served.
For the following reasons, we affirm the convictions on both counts and the sentence as to the attempted second degree murder conviction, but vacate the sentence on Count II, and remand for re-sentencing.
FACTUAL BACKGROUND:
Based on testimony at trial, the victim, Romalace James, walked outside his mother’s home to smoke a cigarette. While leaning against his mother’s car in the 12lot next door, which his mother also owned, he was initially approached by three men, one of whom walked away prior to the incident. He recognized one of the remaining men *1289 as the defendant, and testified that he was the grandson of a friend of his father’s. The man whom James did not recognize held a gun and ordered him to throw down his cell phone and car keys. The man with the gun left. The defendant, who was also carrying a gun, shot James in his neck and stomach. James ran to his mother’s house, while being chased by the defendant. Before he could get in the door, the defendant shot him again in the leg. James told his mother that “Mr. Allen’s grandson” had shot him. It was established at trial that Mr. Allen’s grandson was the defendant.
DISCUSSION:
In both of his assignments of error, the defendant raises questions regarding his competency and the trial court’s failure to grant his motion to reconsider sentence and order a nunc pro tunc competency hearing.
The State argues, and the record supports, that the first time the defendant’s competency was called into question was at the sentencing hearing. At the hearing on defendant’s motion to reconsider sentence, defense counsel stated that the record contained medical records evidencing the defendant’s medical history, including proof of his bi-polar disorder and schizophrenia.[1]
IsThe State further maintains that the defendant at no time offered any evidence that he suffered from schizophrenia and/or bi-polar disorder at the time of commission of the crimes or trial.
The record indicates that the first time the district court became aware of the defendant’s possible mental deficiency issues was at the original sentencing hearing when the defendant’s mother testified that he suffered from schizophrenia and bi-polar disorder since the age of fourteen. He had been hospitalized on two occasions. No medical evidence was offered to support her statements. She also told the court she was unhappy with defense counsel because he was not thorough.
There exists a general legal presumption that a defendant is sane and competent to proceed to trial. State v. Carmouche, 01-0405 (La.5/14/02), 872 So.2d 1020, 1041. When a trial court becomes aware of a bona fide doubt concerning a defendant’s competency, due process requires that the defendant be afforded a competency hearing. Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966). In this case, the trial court did not become aware of any limitations on the defendant’s ability to stand trial until after he was tried.
We thus find that this issue is not properly before us, and would be more properly raised in an application for post-conviction relief. See Zapata v. Estelle, 588 F.2d 1017 (5th Cir.1979). Therefore, we will not address the merits on direct appeal.
|4We must, however, address an error patent, namely the district court’s fail *1290 ure to sentence the defendant to an additional five years imprisonment pursuant to La. R.S. 14:64.3(A). Failure to do so results in an illegally lenient sentence. Therefore, we remand this matter to the trial court for resentencing.
Accordingly, we affirm the convictions on both counts and the sentence on Count I, vacate the sentence on Count II, and remand to the trial court for resentencing in compliance with La. R.S. 14:64.3(A).
CONVICTIONS AFFIRMED; SENTENCE ON COUNT I AFFIRMED; SENTENCE ON COUNT II VACATED; REMANDED FOR RE-SENTENCING.

. The defendant filed in the record in this Court a motion to supplement the record with medical documentation he claims to have been lost by the district court. The trial attorney attached an affidavit to the motion attesting that he tendered the documents to the minute clerk at the hearing. The State countered with the affidavit of the trial ADA, who stated that the motion to reconsider was served on him, but did not have any medical records attached.
We have denied the defendant’s motion to supplement based on the affidavits and the transcript of the hearing on the motion to reconsider sentence. The record before us does not indicate that medical evidence was properly introduced into the record. Therefore, because we are a court of record, we will not consider the medical records sought to be submitted by the defendant.